**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:** **256 Hanscom Road, Eliot, ME 03903** |
| **Hetty N. Merrill** | **Mortgage:** |
| **Defendant** | **March 22, 2007** **Book 15114, Page 413** |
| **Capital One Bank (USA), N.A.** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, and Hetty N. Merrill, as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, in which the Defendant, Hetty N. Merrill, is the obligor and the total amount owed under the terms of the Note is Three Hundred Sixty-Eight Thousand Nine Hundred Forty-Nine and 57/100 ($368,949.57) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3.  Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4.  U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2 is a corporation with its principal place of business located at 425 Walnut St., Cincinnati, OH 45202.

5.  The Defendant, Hetty N. Merrill, is a resident of Eliot, County of York and State of Maine.

6.  The Party-in-Interest, Capital One Bank (USA), N.A., is located at 4851 Cox Road, Glen Allen, VA 23060.

## FACTS

7.  On March 22, 2007, by virtue of a Warranty Deed from Daniel Conrad, Trustee of the Carol J. Conrad Revocable Trust of 2001, which is recorded in the York County Registry of Deeds in **Book 15114, Page 411**, the property situated at 256 Hanscom Road, Eliot, County of York, and State of Maine, was conveyed to Robert E. Merrill and Hetty N. Merrill, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8.  On March 22, 2007, Robert E. Merrill and Hetty N. Merrill, executed and delivered to First Franklin Financial Corp., an Op. Sub. of MLB&T Co., FSB a certain Note in the amount of $218,000.00.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9.  To secure said Note, on March 22, 2007, Robert E. Merrill and Hetty N. Merrill executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for First Franklin Financial Corp., an Op. Sub. of MLB&T Co., FSB, securing the property located at 256 Hanscom Road, Eliot, ME 03903, which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15114**, **Page 413**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. On June 22, 2009, Robert E. Merrill and Hetty N. Merrill, executed a Modification Agreement (herein after referred to as the "Loan Modification").  *See* Exhibit D (a true and correct copy of the Loan Modification is attached hereto and incorporated herein).

11. The Mortgage was then assigned to U.S. Bank, National Association, Successor Trustee to Bank of America, N.A., as Successor to LaSalle Bank, N.A., as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2 by virtue of an Assignment of Mortgage, dated November 22, 2011, and recorded in the

York County Registry of Deeds in **Book 16216**, **Page 201**.  *See* Exhibit E (a true and correct

copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to U.S. Bank, National Association, Successor Trustee to

Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch

First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2

by virtue of a Quitclaim Assignment, dated March 1, 2019, and recorded in the York County

Registry of Deeds in **Book 17903**, **Page 316**.  *See* Exhibit F (a true and correct copy of the

Quitclaim Assignment is attached hereto and incorporated herein).

13. Upon information and belief, Robert E. Merrill passed away on or about December 22,

2015.

14. On September 27, 2019, the Defendant, Hetty N. Merrill, was sent a Notice of Mortgagor's

Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the

"Demand Letter").  *See* Exhibit G (a true and correct copy of the Demand Letter is attached

hereto and incorporated herein).

15. The Demand Letter informed the Defendant, Hetty N. Merrill, of the payment due date, the

total amount necessary to cure the default, and the deadline by which the default must be

cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit G.

16. The Defendant, Hetty N. Merrill, failed to cure the default prior to the expiration of the

Demand Letter.

17. The Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A.

as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage

Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, is the present holder

of the Note pursuant to endorsement by the previous holder (if applicable), payment of

value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, is the lawful holder and owner of the Note and Mortgage.

19. The Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

20. Capital One Bank (USA), N.A. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $3,474.63 dated April 6, 2009, and recorded in the York County Registry of Deeds in **Book 15639**, **Page 56** and is in second position behind Plaintiff's Mortgage.

21. The total debt owed under the Note and Mortgage as of December 27, 2019 is Three Hundred Sixty-Eight Thousand Nine Hundred Forty-Nine and 57/100 ($368,949.57) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $179,376.12 |
| Interest | $117,069.72 |
| Late Fees | $2,659.10 |
| Escrow Advance | $25,081.89 |
| Lender Paid Expenses | $42,738.83 |
| Deferred Late Fees | $2,023.91 |
| Grand Total | $368,949.57 |

22. Upon information and belief, the Defendant, Hetty N. Merrill, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

23. The Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 256 Hanscom Road, Eliot, County of York, and State of Maine. *See* Exhibit A.

25. The Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, has the right to foreclosure and sale upon the subject property.

26. The Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendant, Hetty N. Merrill, are presently in default on said Mortgage and Note, having failed to make the monthly payment due January 1, 2012, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

28. The total debt owed under the Note and Mortgage as of December 27, 2019 is Three Hundred Sixty-Eight Thousand Nine Hundred Forty-Nine and 57/100 ($368,949.57) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $179,376.12 |
| Interest | $117,069.72 |
| Late Fees | $2,659.10 |
| Escrow Advance | $25,081.89 |
| Lender Paid Expenses | $42,738.83 |
| Deferred Late Fees | $2,023.91 |
| Grand Total | $368,949.57 |

29. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

31. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Hetty N. Merrill, on September 27, 2019, evidenced by the Certificate of Mailing. *See* Exhibit G.

32. The Defendant, Hetty N. Merrill, is not in the Military as evidenced by the attached Exhibit H.

## COUNT II – BREACH OF NOTE

33. The Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. On March 22, 2007, Robert E. Merrill and Hetty N. Merrill, executed and delivered to First Franklin Financial Corp., an Op. Sub. of MLB&T Co., FSB a certain Note in the amount of $218,000.00.  *See* Exhibit B.

35. The Defendant, Hetty N. Merrill, is in default for failure to properly tender the January 1, 2012 payment and all subsequent payments.  *See* Exhibit G.

36. The Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Hetty N. Merrill.

37. The Defendant, Hetty N. Merrill, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

38. The Defendant, Hetty N. Merrill's breach is knowing, willful, and continuing.

39. The Defendant, Hetty N. Merrill's breach has caused Plaintiff U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2 to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

40. The total debt owed under the Note and Mortgage as of December 27, 2019, if no
payments are made, is Three Hundred Sixty-Eight Thousand Nine Hundred Forty-Nine and
57/100 ($368,949.57) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $179,376.12 |
| Interest | $117,069.72 |
| Late Fees | $2,659.10 |
| Escrow Advance | $25,081.89 |
| Lender Paid Expenses | $42,738.83 |
| Deferred Late Fees | $2,023.91 |
| Grand Total | $368,949.57 |

41. Injustice can only be avoided by awarding damages for the total amount owed under the
Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

42. The Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A.
as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage
Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, repeats and re-alleges
paragraphs 1 through 41 as if fully set forth herein.

43. By executing, under seal, and delivering the Note, Robert E. Merrill and Hetty N. Merrill,
entered into a written contract with First Franklin Financial Corp., an OP Subdivison of
MLB&T Co., FSB who agreed to loan the amount of $218,000.00 to Robert E. Merrill and
Hetty N. Merrill. *See* Exhibit B.

44. As part of this contract and transaction, Robert E. Merrill and Hetty N. Merrill, executed the
Mortgage to secure the Note and the subject property. *See* Exhibit C.

45. The Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, is the proper holder of the Note and successor-in-interest to First Franklin Financial Corp., an Op. Sub. of MLB&T Co., FSB, and has performed its obligations under the Note and Mortgage.

46. The Defendant, Hetty N. Merrill, breached the terms of the Note and Mortgage by failing to properly tender the January 1, 2012 payment and all subsequent payments.  *See* Exhibit G.

47. The Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Hetty N. Merrill.

48. The Defendant, Hetty N. Merrill, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

49. The Defendant, Hetty N. Merrill, is indebted to U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2 in the sum of Three Hundred Sixty-Eight Thousand Nine Hundred Forty-Nine and 57/100 ($368,949.57) Dollars, for money lent by the Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, to the Defendant.

50. Defendant, Hetty N. Merrill's breach is knowing, willful, and continuing.

51. Defendant, Hetty N. Merrill's breach has caused Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

52. The total debt owed under the Note and Mortgage as of December 27, 2019, if no payments are made, is Three Hundred Sixty-Eight Thousand Nine Hundred Forty-Nine and 57/100 ($368,949.57) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $179,376.12 |
| Interest | $117,069.72 |
| Late Fees | $2,659.10 |
| Escrow Advance | $25,081.89 |
| Lender Paid Expenses | $42,738.83 |
| Deferred Late Fees | $2,023.91 |
| Grand Total | $368,949.57 |

53. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – *QUANTUM MERUIT*

54. The Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. First Franklin Financial Corp., an Op. Sub. of MLB&T Co., FSB, predecessor-in-interest to U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, loaned Robert E. Merrill and Hetty N. Merrill, $218,000.00.  *See* Exhibit B.

56. The Defendant, Hetty N. Merrill, are in default for failure to properly tender the January 1, 2012 payment and all subsequent payments.  *See* Exhibit G.

57. As a result of the Defendant Hetty N. Merrill's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2.

58. As such, the Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, is entitled to relief under the doctrine of *quantum meruit*.

<u>COUNT V –UNJUST ENRICHMENT</u>

59. The Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. First Franklin Financial Corp., an Op. Sub. of MLB&T Co., FSB, predecessor-in-interest to U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust,

Mortgage Loan Asset-Backed Certificates, Series 2007-2, loaned the Defendant, Hetty N. Merrill, $218,000.00.  *See* Exhibit B.

61.  The Defendant, Hetty N. Merrill, has failed to repay the loan obligation.

62.  As a result, the Defendant, Hetty N. Merrill, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2 as successor-in-interest to First Franklin Financial Corp., an Op. Sub. of MLB&T Co., FSB by having received the aforesaid benefits and money and not repaying said benefits and money.

63.  As such, the Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, prays this Honorable Court:

a)  Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b)  Grant possession to the Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, upon the expiration of the period of redemption;

c)  Find that the Defendant, Hetty N. Merrill, is in breach of the Note by failing to make payment due as of January 1, 2012, and all subsequent payments;

d)  Find that the Defendant, Hetty N. Merrill, is in breach of the Mortgage by failing to make payment due as of January 1, 2012, and all subsequent payments;

e)  Find that Robert E. Merrill and Hetty N. Merrill, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f)  Find that the Defendant, Hetty N. Merrill, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due January 1, 2012 and all subsequent payments;

g)  Find that the Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, is entitled to enforce the terms and conditions of the Note and Mortgage;

h)  Find that by virtue of the money retained by the Defendant, Hetty N. Merrill have been unjustly enriched at the Plaintiff's expense;

i)  Find that such unjust enrichment entitles the Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, to restitution;

j)  Find that the Defendant, Hetty N. Merrill, is liable to the Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, for money had and received;

k)  Find that the Defendant, Hetty N. Merrill, are liable to the Plaintiff for *quantum meruit*;

l)  Find that the Defendant, Hetty N. Merrill, has appreciated and retained the benefit of the Mortgage and the subject property;

m)  Find that it would be inequitable for the Defendant, Hetty N. Merrill, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n)  Find that the Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, is entitled to restitution for this benefit from the Defendant, Hetty N. Merrill;

o)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p)  Additionally, issue a money judgment against the Defendant, Hetty N. Merrill, and in favor of the Plaintiff, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2, in the amount of Three Hundred Sixty-Eight Thousand Nine Hundred Forty-Nine and 57/100 ($368,949.57) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q)  For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank, National Association, Successor
Trustee to Bank of America, N.A. as
Successor to LaSalle Bank, N.A. as Trustee for
the Merrill Lynch First Franklin Mortgage
Loan Trust, Mortgage Loan Asset-Backed
Certificates, Series 2007-2,
By its attorneys,

Dated:  December 9, 2019

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com