UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| US BANK, NATIONAL ASSOCIATION, SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., AS SUCCESSOR TO LASALLE BANK, N.A., AS TRUSTEE FOR THE MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-2, | ) ) ) ) ) ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | 2:19-cv-00558-JAW |
| HETTY N. MERRILL, | ) ) | |
| Defendant | ) | |

**ORDER ON MOTION FOR SERVICE BY PUBLICATION**

This is a foreclosure action in which Plaintiff alleges that the promissory note secured by a mortgage on certain real property located in Eliot, Maine is in default. The matter is before the Court on Plaintiff's motion to serve Defendant Hetty N. Merrill by publication. (Motion, ECF No. 21.)

Following a review of the record and after consideration of the motion, the Court denies the motion without prejudice.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age

and discretion who resides there, delivering a copy to an agent authorized by appointment or by law to receive service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district is located or where service is made. Fed. R. Civ. P. 4(e). In addition to the traditional method of personal service, Maine law provides for alternate means of serving a summons and complaint, "upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1).

Alternate means of service include leaving the summons, complaint, and the order authorizing service by alternate means at the individual's dwelling house or usual place of abode, by publication unless a statute provides another method of notice, or by electronic or any other means not prohibited by law. *Id.* A motion for service by alternate means must be supported by an affidavit demonstrating that:

> (A) The moving party has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute;
>
> (B) The identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process; and
>
> (C) The requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit.

M. R. Civ. P. 4(g)(1).

In this case, Plaintiff has made several attempts to locate and serve Defendant Merrill. As the result of its efforts, Plaintiff learned that Defendant Merrill might have

been deported to the Philippines. (Affidavit of M. Kelly ¶ 13, ECF No. 21-1.) As of the filing of the motion, however, Plaintiff has not been able to verify whether Defendant Merrill has been deported. (Affidavit of M. Kelly ¶ 15; Affidavit of M. Brophy ¶ 3, ECF No. 21-8.) The issue is whether under the circumstances, the alternate service proposed by Plaintiff (i.e., by publication) is appropriate in this case.

"Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the action." *Gaeth v. Deacon,* 2009 ME 9, ¶ 23, 964 A.2d 621, 627. Although the Maine Rules of Civil Procedure continue to authorize service by publication in some circumstances, this method of providing notice "developed at a time when newspapers were the only means of print mass communication, and when newspapers were more widely and intensely read than is now the case." *Id.*, 2009 ME 9, ¶ 25, 964 A.2d at 627. For this reason, the Maine Supreme Judicial Court has described service by publication as a "last resort":

> Because service by publication has become less likely to achieve actual notice of a lawsuit, it is also less likely to meet the requirements of due process. *See Grannis* [*v. Ordean*]*,* 234 U.S. [385] at 394, 34 S. Ct. 779 [(1914)]. Today, just as one hundred years ago, notice of a suit must be given in the manner "most reasonably calculated to apprise the defendant" of the pendency of a suit. *Lewien* [*v. Cohen*]*,* 432 A.2d [800] at 804–05 [(Me. 1981)]. Accordingly, because of the recent societal changes, service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 4.13 at 98–100 (2d ed.1970); *see also* M.R. Civ. P. 4(g)(1) (mandating that courts may order service by publication only upon motion showing that "*service cannot with*

3

> *due diligence be made* by another prescribed method" (emphasis added)). "When a party's identity and location are reasonably ascertainable, notice by publication is not reasonably calculated to provide actual notice of the pending proceeding." *Phillips* [*v. Johnson*]*,* 2003 ME 127, ¶ 27 n. 12, 834 A.2d at 946 (quotation marks omitted). Thus, "service by publication should occur only when notice cannot be accomplished by other means." *Id.* ¶ 27, 834 A.2d at 946.

*Gaeth*, 2009 ME 9, ¶ 26, 964 A.2d at 628 (footnote omitted).[1]

Upon review of the record, the Court is not persuaded that service by publication is appropriate at this stage of the proceedings. Without confirmation as to whether Defendant Merrill has been deported, the Court cannot determine whether a means of service other than personal service is warranted and, if so, which means of service is appropriate. For instance, if Defendant Merrill has been deported, a pertinent issue is whether Plaintiff can serve Defendant Merrill by any of the means authorized by Maine Rule of Civil Procedure 4(j) ("Alternative Provisions for Service in a Foreign Country"). Even if the Court were persuaded that service by publication was appropriate, without resolution of Defendant Merrill's status (i.e., whether she has been deported), the Court cannot reasonably determine where the publication should be made and whether any other means of notification should be used with service by publication. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 316 (1950) ("It is true that publication traditionally has been acceptable as notification supplemental to other action which in itself may reasonably

---

[1] As early as 1950, the United States Supreme Court questioned the adequacy of notice by publication. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.").

be expected to convey a warning.") *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 316 (1950). In sum, Plaintiff has not established that service by publication is warranted or reasonable given the current record.

## CONCLUSION

Based on the foregoing analysis, the Court denies without prejudice Plaintiff's motion for service by publication.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

>                /s/ John C. Nivison
>                U.S. Magistrate Judge

Dated this 17th day of February, 2021.