UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

US BANK, NATIONAL ASSOCIATION,       )
SUCCESSOR TRUSTEE TO BANK            )
OF AMERICA, N.A., AS SUCCESSOR       )
TO LASALLE BANK, N.A., AS TRUSTEE    )
FOR THE MERRILL LYNCH FIRST          )
FRANKLIN MORTGAGE LOAN TRUST,        )
MORTGAGE LOAN ASSET-BACKED           )
CERTIFICATES, SERIES 2007-2,         )
                                     )
            Plaintiff                )
                                     )
      v.                             )            2:19-cv-00558-JAW
                                     )
HETTY N. MERRILL,                    )
                                     )
            Defendant                )

**ORDER ON MOTION FOR SERVICE BY PUBLICATION**

This is a foreclosure action in which Plaintiff alleges that the promissory note secured by a mortgage on certain real property, 256 Hanscom Road, Eliot, Maine 03903, is in default. The matter is before the Court on Plaintiff's motion to serve Defendant Hetty N. Merrill by publication. (Motion, ECF No. 28).

Following a review of the record and after consideration of the motion, the Court denies the motion without prejudice.

**FACTUAL BACKGROUND**

Plaintiff contends that despite a diligent effort, it has been unable to serve Defendant Hetty N. Merrill with the complaint and summons. On December 18, 2019, a deputy sheriff attempted service upon defendant at 256 Hanscom Road, Eliot, Maine 03903 which proved

unsuccessful.  (Affidavit of Matthew Kelly ¶ 6, ECF No. 28-1.)  On December 23, 2019,

Nationwide Court Services, Inc. attempted service at the property address, but that effort

was unsuccessful. (*Id*.)  Plaintiff also used various electronic searches and social media

searches to locate Defendant, but Plaintiff was unable to locate Defendant. (*Id*. ¶¶ 7,8.)

Plaintiff subsequently contracted with a private investigator (Brophy Professional

Genealogy & Heir Searching)to locate Defendant, which effort also proved unsuccessful.

(*Id*. ¶ 14.)  In July 2020, Plaintiff identified the following potential addresses in Florida for

Defendant:

9390 Marino Circle, Apt. 106, Naples, Florida;

67 Cove Road, Inglis, Florida; and

8196 SW 203rd Ct., Suite 10726, Dunnellon, Florida

Service was attempted, without success, at the Naples, Florida and Inglis, Florida

addresses. (*Id*. ¶¶ 12, 13.) When service was attempted at the Inglis, Florida address,

Defendant's stepson told the process server that Defendant does not live at the property

anymore, and that he believed Defendant was deported to the Philippines. (*Id*. ¶ 13.)

On December 14, 2020, Plaintiff moved for leave to serve Defendant by publication.

(*Id*. ¶ 15.)  On February 17, 2021, the Court denied the motion citing the uncertainty as to

whether Defendant had been deported. (*Id*. ¶ 16.)  On March 31, 2021, Plaintiff attempted

to locate Defendant or determine Defendant's status by contacting the United States

Immigration and Customs Enforcement field office in Massachusetts, which office is

responsible for Connecticut, Maine, Massachusetts, New Hampshire, and Vermont. (*Id*. ¶

17.)  This effort did not generate any information about Defendant's location.

## DISCUSSION

In the order on Plaintiff's prior motion to serve by publication, the Court set forth the standard that governs the Court's consideration of Plaintiff's motion, and the Court will not repeat the entire discussion here. Maine law, which governs Plaintiff's request for service by alternate means, *see* Fed. R. Civ. P. 4(e), provides for alternate means of serving a summons and complaint "upon a showing that service cannot with due diligence be made by another prescribed method." M. R. Civ. P. 4(g)(1).

Following the Court's previous order, Plaintiff attempted to determine whether Defendant had been deported. Plaintiff was unable to determine Defendant's status. While the Court is satisfied that Plaintiff has used due diligence in its attempt to serve Defendant by traditional means, the Court lacks the necessary information to order service by publication. That is, Plaintiff has not provided a record from which the Court can order the publication in a particular newspaper or newspapers in accordance with Maine Rule of Civil Procedure 4(g)(2). Before the Court will order service by publication, Plaintiff must identify for the Court Defendant's last known address and "a newspaper of general circulation in the county or municipality and state most reasonably calculated to provide actual notice" of the action to Defendant. M. R. Civ. P. 4(g)(2). If Plaintiff can establish Defendant's last known address and a newspaper that is reasonably calculated to provide actual notice to Defendant, Plaintiff can renew its request.

## CONCLUSION

Based on the foregoing analysis, the Court denies without prejudice Plaintiff's motion for service by publication.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of October, 2021.