UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., AS SUCCESSOR TO LASALLE BANK, N.A., AS TRUSTEE FOR THE MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-2,<br><br>    Plaintiff,<br><br>         v.<br><br>HETTY N. MERRILL,<br><br>    Defendant,<br><br>         and<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>    Party-in-Interest. | No. 2:19-cv-00558-JAW |

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

On December 9, 2019, U.S. Bank, National Association, Successor Trustee to Bank of America, N.A., as Successor to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2 (U.S. Bank) filed a complaint against Hetty N. Merrill as Defendant and Capital One Bank (USA), N.A. (Capital One), as Party-in-Interest, claiming the right to foreclose upon a residence at 256 Hanscom Road, Eliot, Maine 03903 and proceeding on other legal theories as well. *Compl.* (ECF No. 1).

Since then, U.S. Bank successfully served Capital One with the complaint and summons on January 21, 2020. *Aff. of Serv.* (ECF No. 5). Capital One failed to answer and on May 11, 2020, U.S. Bank moved for entry of default against Capital One. *Pl.'s Mot. for Entry of Default as to Party-in-Interest Capital One Bank (USA), N.A.* (ECF No. 8). On May 11, 2020, the Clerk entered a default against Capital One. *Order Granting Mot. for Entry of Default* (ECF No. 9).

U.S. Bank has not been successful, however, in serving Hetty Merrill with the complaint and summons. On December 9, 2019 and again on July 21, 2020, the Clerk issued a summons to be served on Ms. Merrill. *Summons in a Civil Action* (ECF No. 3); *Summons in a Civil Action* (ECF No. 16). Now, nearly two years later, the summons has not been served on her. The docket reflects U.S. Bank's efforts to locate and serve Ms. Merrill. *See Mot. to Extend Deadline to Complete and File Serv. for Def., Hetty N. Merrill* (ECF No. 6); *Order to Show Cause* (ECF No. 10); *Mot. to Extend Deadline to Complete and File Serv. for Def., Hetty N. Merrill* (ECF No. 11); *Mot. to Extend Deadline to Complete and File Serv. for Def., Hetty N. Merrill* (ECF No. 14); *Mot. to Extend Deadline to Complete and File Serv. for Def., Hetty N. Merrill* (ECF No. 17); *Mot. to Extend Deadline to Complete and File Serv. for Def., Hetty N. Merrill* (ECF No. 19); *Mot. to Extend Deadline to Complete and File Serv. for Def., Hetty N. Merrill* (ECF No. 23); *Order to Show Cause* (ECF No. 27).

Unable to serve Ms. Merrill, U.S. Bank twice moved this Court to approve service by publication. *Mot. for Alternate Serv. via Publication upon Def., Hetty N. Merrill* (ECF No. 21); *Mot. for Alternate Serv. via Publication upon Def., Hetty N.*

*Merrill* (ECF No. 28). Each time, the Magistrate Judge rejected the motion without prejudice, finding that U.S. Bank failed to demonstrate that Ms. Merrill had been deported to the Philippines, as U.S. Bank suspected, and therefore the Magistrate Judge concluded that U.S. Bank had not made "a showing that service cannot with due diligence be made by another prescribed method." *Order on Mot. for Serv. by Publication* (ECF No. 22); *Order on Mot. for Serv. by Publication* (ECF No. 33). On November 4, 2021, at the direction of the Magistrate Judge, the Clerk's Office set November 30, 2021 as the new deadline for service of process. *See Set/Reset Deadline Docket Entry* (Nov. 4, 2021). U.S. Bank failed to comply with that deadline.

Although the Court is sympathetic to U.S. Bank's difficulty in tracking down Hetty N. Merrill, the foreclosure complaint has now been pending for almost two years without service of the complaint and summons on her and without any evidence that U.S. Bank has made any significant progress ascertaining her whereabouts. Absent her death (for which there is no evidence), Ms. Merrill must be somewhere. As the docket here demonstrates, an unserved complaint requires the continual attention of the Clerk's Office, the assigned judges, and the law firm representing the mortgagee. From the Court's perspective, rather than periodically diverting the Court's attention from more meritorious matters, U.S. Bank should find its mortgagor and then file a foreclosure action, not file the foreclosure complaint and then set about finding its mortgagor.

The Court DISMISSES U.S. Bank's Complaint without prejudice.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of December, 2021